Our next case is a Ciferniv.Day&Zimmerman This tastes great. Yeah, this is great. I can't wait to get some beer. Can I ask you a question? Why is everyone looking up here? I have a question. I should not have seen you here. Sorry. May it please the court. I am Patrick Fleming. I represent Mr. Ciferni, the appellant. And I respectfully request two minutes from the bar. Okay. There are two reasons why this case should not be in the federal court system. First, Mr. Ciferni files three state law claims. There was no original basis for federal jurisdiction. Second, even if there was a federal question concerning Section 301 of the Labor Management Act. We have a collective bargaining agreement here. We have a union member. Correct. So even if the judge believed there was jurisdiction, the analysis set forth by this court in Berta v. CES should have controlled the legal opinion and legal analysis by the district judge. But instead, rather than look at Berta, the judge went right to the fact that there was a collective bargaining agreement and decided, as a per se rule, there was absolute, complete preemption. Well, how, given the terms of the collective bargaining agreement, do the claims that he has brought, how are they either preempted or not preempted? His claims include a wrongful, retaliatory discharge. Yes, Your Honor. And two counts of wrongful, retaliatory failure to hire. Yes, Your Honor. How are they covered or not covered by the collective bargaining agreement? They are not covered by the collective bargaining agreement because, as in Berta, if I'm pronouncing that correctly, Berta, thank you, Your Honor. The court is to look at whether the claims that are alleged, in this case, state law claims, retaliation, failure to hire for filing a workers' compensation claim, and all three claims, are not covered by the CBA. All right, well, let's look at the terms. We're looking at Article 23, correct? Is that fair? What's the appendix? Chapter 93? I think we're talking about that. Yeah, that's one of the words we're talking about. Okay, I have it in front of me now. The management clause. We don't want that. You can see it'd be relevant. 3619 to 23, so we'll start with 23. Your Honor, my first response is that the district court did not do this analysis. The district court said there is a collective bargaining agreement, complete compensation, no fact-finding. I really thought it might be. All right, but, Benny, we've got to determine the district court is right, and we look at the collective bargaining agreement, and the district court may have been right, because all these claims that you're saying, they've been covered and required to be grieved. And, indeed, the discharge for proper cause is covered. Because retaliation under Pennsylvania law would not be a proper cause, right? Well, if I'm following what Your Honor is saying, it's true at this point in time, in state law, there's no public policy protection for a union worker under a retaliation for farm workers claim. So I would suggest that the law is void in that area at the state law level. At the federal law level, the judge is not in a position to determine whether there is such a claim or not. The analysis showed that we let a judge under the area whether the felon was in or without a CPA, which was not done. Again, the judge in the front row said there's complete preemption based on 301. That was a mistake. So there it makes clear there is an exception to the rule you just talked about, and that is the doctrine of complete preemption, which applies to claims in areas in which preemptive force of federal law is so powerful as to displace and target any state law claim. And that's really what this is about. My problem is, looking backwards, your client wants to get a grievance hearing, and he got one, didn't he? Yes, Your Honor, but that's besides the point, because grievance would cover anything under the CPA. That's the point. It seems as if everybody said, okay, this is covered by the CPA. We will file, and let's see what happens. So you didn't thought that. He went along with that. I suppose he never objected. This is not in the record. And the company thought that. So if everybody thinks that, and they go through the process, what can we do? Well, Your Honor, I hate to use the word everybody, but looking at the Supreme Court first and Caterpillar, then we will then abide by this court, and we will go on down the lines, and she felt they were all consistent with my client's position. That is, if the collective bargaining agreement is not necessary, however slow and incessant it may be, if it's not necessary to the interpretation of the claims being raised, it's not preempted. And that's our position. But my point is this. If you have an argument that the CPA does not cover the retaliatory refusal to rehire on two occasions, there's an argument to that effect. And the point is that it's almost as if you say, OK, let's forget that argument. We're going to go through the grievance process, and I'm going to put those two claims in on the grievance process. And you do, and it doesn't turn out well. It doesn't turn out as you'd like. What are we to do? Well, Your Honor, I'm suggesting that you're thinking it's a mutually exclusive process. No, but what you're saying to me is you think you're entitled to another bite at the apple, and I'm not so sure. No, Your Honor. What I'm suggesting is, well, first of all, if we look at J-84, it's a five-step process. As I argue in my brief, what the court would be saying is any member goes through the step process, and these individuals, the employer supervisor, the business representative, are in the position of determining what is or what is not public policy protection under the state of Pennsylvania. And I think that's not the wrongest way to go. My client filed a grievance because, as we all know, we're subject to not exhaustive remedies. They're saying when in doubt, when in doubt, grieve. Well, we know that you're not mutually exclusive just as you can raise multiple claims in a complaint. Did he raise an agreement preceding the retaliatory refusal to rehire on two occasions? It's fair to say he did, although they don't allow representation outside of the process. But I think they're going to continue with the court. We probably think that's good. So... So what I would suggest, even if it were a shame felter, which was after the Berta decision of this court, the guideline is you look to the claims that are being raised. You look to the motivation and conduct of the employer. And if it's not under the CBA, then there's no need for a preemption. Okay. So where does that take you? So where it takes us is, even if this court remains to common laws, let it proceed on the merits. It's for the state court to decide whether... Well, let's talk about the three claims. And you tell me whether they're covered by the CBA or not. First one, retaliatory discharge. For filing workers' comp. Is that covered by the CBA? No. Now, I do think on the JAD3, Article 3, it talks about non-discrimination. Right. Now, if we look to the shame felter case, that was a retaliation claim under Title VII. So arguably, in this situation, it wouldn't be covered by the CBA. It's right there. But it does not cover public policy issues. That covers federal law issues. So we're saying that there may be, because again, the state court would have to decide if we can expand the law to include remand... But isn't the issue of whether the discharge was for a proper cause or not, doesn't that fall squarely under Article 23? Maybe I'm reading something into the CBA. There it is. And it says discharge for a proper cause. If you have an issue about whether it was for a proper cause or not, some of the... No, Your Honor. Because I would go back to what I said on 83. That is defying public policy issues to the employers. If that were covered under the Green scenario, then you would have the supervisor at the first step of the grievance determine whether there's retaliation under... And what case says that that's not... What happens here? What case support do you have for the proposition that if there's some policy involved, then it doesn't get decided through the grievance process? I would suggest on page 87... Excuse me, 84. ...that under grievances, actually in paragraph 1, grievances other than those pertaining to jurisdiction, and under paragraph 2, the arbitrator shall only have jurisdiction and authority if someone suffers in compliance with this agreement. And public policy is for the state courts to determine. It's not for an arbitrator. It's not for... And what does the statement discharged for proper cause mean? It's a nullity? Even though it says that, that the arbitrator... I mean, he grieved and said it wasn't for a proper cause. Well, Your Honor, I guess I would have to concede that I'm not in a position to argue on what might be considered proper cause under the CBA interpretation. But I feel confident in the position that it's for the court, once having taken jurisdiction, that there should have been a written analysis. If there's no further questions... Thank you. Go ahead, ma'am, rebuttal. Mr. Delaney. Thank you, Your Honor. Good morning, Your Honors. William Delaney and my colleague, Erica Flores, on behalf of Avenues and Billings Immigrants. Your Honor, just getting right into the legal issues, it's apparent that the court is up to speed on the facts of the case. But one factual issue. This situation is a little bit unusual in that you have a collective bargaining agreement with the union and it controls hiring, termination, discharge. It controls all aspects of the relationship between management and the union with respect to jobs that are on the minimum scale. All the cases that you cited in your brief deal with a wrongful discharge claim. That's correct, Your Honor. If I may address the proper analysis. Under United Airlines' window and this court's averted CBS decision, the proper analysis with complete preemption is either an independent cause of action that the plaintiff can pursue. It doesn't require substantial analysis of the collective bargaining agreement. With respect to the wrongful discharge claim, Your Honors, I think there can be little to speed at this point in the case, Your Honor. I understand it's not published, but since it's your decision to judge right now, I would cite the court to the COGOA decision which analyzes Phillips. And I think that's a pretty good analysis for the court. The wrongful discharge claim  in the discharge context. But how about the two claims for wrongful retaliatory refusal to hire? Yes, Your Honor. In this circumstance, the collective bargaining agreement does control hire. And so it is outside of the... Let me just back up. The at-will doctrine is a doctrine that applies outside of the contractual setting where there's no contract between either the employee or the bargaining representative and the employer. This is not that circumstance. So the exception to that rule, the exception to the at-will rule is not applicable in these circumstances. That is, the public policy exception that in that circumstance where we don't have a contract or we don't have an exclusive bargaining representative representing an interest I would say to the court is not applicable. The prohibition on discharge is for proper cause. So that's covered here because he's alleging an improper cause. The hiring is really not specific. There's no thou shalt not refuse to hire for a proper cause. The only thing there is is there's an anti-discrimination provision. But I don't think we can equate discrimination and what happened here. I mean, retaliatory refusal to hire for asserting worker's comp is not a discrimination. So how is it that this claim, these two claims, two of the three, are covered by the CBA and therefore preempted? It's not that the claims are covered by the CBA, rather. The analysis is under complete preemption. Is there an independent cause of action under Pennsylvania state law for, in this case, a tort for wrongful failure to hire? Yes, Your Honor. But in the context where there is a collective bargaining agreement where the terms of hire have been negotiated, the fact that Your Honor is going to the management clause and interpreting it in this circumstance underscores the problem. But it doesn't take much to interpret it. It doesn't, Your Honor, but it does require interpretation as to whether the termination in this instance, excuse me, whether the failure to hire in this instance does have to interpret the collective bargaining agreement. But my point, Your Honor, is going back even before that, there is no independent cause of action in the state of Pennsylvania for failure to hire in the circumstance where the relationship hiring stage, just like that determination stage, is governed by a collective bargaining agreement. And Your Honor, to your point, the oil makers negotiated this contract with management and power plant owners and if it wanted to, they negotiated some restriction. For example, if we present an employee through a union hall to you for hire, then you must hire that person unless you have just cause or good reason and an affordable amount for not hiring them. They did not negotiate that expressly, Your Honor, but I would point out two things in this circumstance. One is that the reason for not rehiring them, and this comes out in the two grievances that this individual hired, grievances in connection with the failure to hire, was that he was not rehired because of the reason for which he was terminated originally and that was violation of the safety rules. These folks are going in and rehabbing major power plants and nuclear power plants and that's their contention that he didn't report it. He says he did. And Your Honor, if the contention is was he justly terminated and therefore not being rehired for that very reason, that's actually what he brings to issue in his grievances and the grievances are in the record line. Does that foreclose him from going into state court and saying I was wrongfully refused to hire me for a wrongful reason? I think we were trying to probe that earlier in the earlier question. What is the preclusive effect? Your Honor, the rub here on the complete preemption is is there an independent cause of action? When there's a collective bargaining agreement that controls the term of the hiring, is there an independent cause of action in the state of Pennsylvania for failure to hire? We would say, Your Honor, that the same policy determinations and considerations that went into the Phillips decision that says that there's not in the context of a wrongful termination of an employee, those same considerations apply here, which is the employee is not adrift without a bargaining agreement, without agreement. So your position would be if the collective bargaining agreement addresses hiring, then there can, regardless of whether it puts in what we can and can't do, that there can't be an independent cause of action. Your Honor, I think that's accurate with maybe a slightly finer point, which is that when an individual is not in an admirable employment context, that is, when an employment decision at issue is controlled and is collectively bargained by that individual's exclusive bargaining representative, then it is not within a public policy exception to the admirable or, in this case, what I think is unrecognized failure to hire rule in the state of Pennsylvania. I may want some supplemental briefing on that. Your Honor, to be quite frank with the Court,  to that, two extensions that this Court would have to make to allow this claim. One is to allow a public policy exception for failure to hire in the first place, meaning when not meaning. I don't think that that has been established by the Pennsylvania Supreme Court, and I would go as far as to say that I don't think it's been established by their Court. So I would direct this Court, and I sort of anticipated that this might be on the Court's mind, I would direct the Court to a district court decision, the Hanovitz decision, which is 2010 Russell Law, 411 7270. That's out of the Western District of Pennsylvania, 2010 decision, and in that case the Court recognized that, and this is again in the abnormal employment context where there is no collective bargaining agreement, the Court recognized an exception, a failure to hire a public, if you will, in the State of Pennsylvania in connection with that military individual who presented himself for employment and made the allegation that he wasn't hired because of his military service. How do you spell that case? It's spelled H-A-M-O-V-I-T-Z. It's Hanovitz v. Sanabar Applied Research Inc. Before you said there were three reasons why we shouldn't go this route. The first was that it was a violation of safety rules. Do you recall the other task? I do. I always set myself up under my saviors for reasons. The second reason, Your Honor, was that I think the collective bargaining agreement was more broad than just giving an employer unfettered discretion. I think what they bargained and the intention here was that the employers get to decide how many employees when they go to the union, how long they're going to take, they have to decide how long the work is going to be, that sort of thing. And you have a clause at the bottom of the management provision that says that the employer will not use these rights for purposes of discrimination against any employee. And the next sentence which is these provisions do not abrogate the union's rights to the peaceful exercise of article 6 above if in its judgment the spirit and intent of this agreement has been violated. And the third reason delivering on my promise is in this circumstance the individual and the union who were conducting the meeting established that in fact the failures to hire in this circumstance are within the mandate of the collective bargaining agreement were negotiated between the employer and the exclusive bargaining representative of the union. So you would read that last sentence as saying pretty much things of this nature should go through the grievance process. I think that's very right. I think if in fact the allegation that he was terminated solely because he filed a workers compensation claim and he went to the union and said Article 23 is your management rights clause but that doesn't go to intentionally discriminating against somebody because they filed a workers comp claim. And in fact the facts bear me out of that. That's exactly what the union did to fail  meet their higher circumstances. The interesting thing in another layer to this was back to my first reason which is the reason that they're not hiring him back is the reason for his employment termination which they contend was for just cause. Interestingly enough he did not grieve that decision. And so it's no different than if he were to have gotten into a fight or show up at work drunk and was removed from contracts because of that conduct and then represented himself for additional jobs with that same company down the road out of the country. He could do it again when he presents himself for rehire which is exactly what he did here. All of this underscores that the policy determinations that the Pennsylvania Supreme Court and Superior Court have pointed to for creating a poor cause of action in an employment context are simply not present when an employee has an exclusive bargaining representative and there's a contract that controls the terms of the employment issue, the employment decision at issue. If the Court has no further questions, so thank you. I respectfully ask that the Court affirm the district court's dismissal. Thank you.  GARRETT.  Connolly. MR. CONNOLLY. Two things. One, the defense counsel essentially spent time arguing the merits and I'm not getting into the schick feciary except to point the Court to the holding in that case, we hold. And it goes along  that. I would like to say that nothing in that holding precludes a union house worker from doing it. I know the case is full of factual analysis but maybe perhaps that holding is